J-S04034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
           v.   :
  :
  :
HECTOR ANTONIO DIAZ   :
  :
      Appellant   :   No. 2551 EDA 2024

Appeal from the PCRA Order Entered August 20, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002133-2020

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED MARCH 28, 2025**

Appellant, Hector Antonio Diaz, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.* ("PCRA"). He argues sentencing counsel provided ineffective assistance by advising him to withdraw his pre-sentence motion to withdraw his guilty plea. On this record, we affirm.[1]

Appellant entered a negotiated hybrid guilty plea to possessing a controlled substance (fentanyl) with intent to distribute ("PWID"), criminal use of a communication facility ("CUCF"), and involuntary manslaughter on

_____

*Retired Senior Judge assigned to the Superior Court.

[1]The Honorable Margherita P. Worthington presided over the guilty plea, sentencing, post-sentencing and PCRA proceedings in this matter.

December 7, 2021.[2] In so doing, Appellant affirmed that on May 7, 2020, he used a cell phone to facilitate the sale of heroin and fentanyl to Christopher Clark, and that Clark died of a fentanyl overdose the following day. N.T. Plea, 12/7/21, 19-20.

Prior to and through the guilty plea proceeding, Appellant was represented by Shaka Johnson and his associate William Hobson. Attorney Johnson negotiated the plea agreement, obtaining, at a bare minimum, the dismissal of four felony counts and the Commonwealth's agreement to not object to the sentence for voluntary manslaughter running concurrently with the other state terms of sentence.[3] The written Guilty Plea and Colloquy, which was signed by Appellant on the day of the plea proceeding, declares that the only agreement was that the prosecution had "no objection" to the sentence

_____

[2] 35 P.S. § 780-113(a)(30), an ungraded felony, 18 Pa.C.S. § 7512(a), a felony of the third degree, and 18 Pa.C.S. § 2504(a), a misdemeanor of the first degree, respectively.

A "hybrid" plea is one in which the parties did not bargain for a specific sentence but negotiated as to a certain aspect of the sentence. **Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017). In other words, it was a plea agreement by which "[t]he Commonwealth agrees to some *quid pro quo* in exchange for the defendant's guilty plea," governed by Pa.R.Crim.P. 590(B). **Commonwealth v. Williams**, 198 A.3d 1181, 1185 (Pa. Super. 2018).

[3] Appellant contended below that the agreement also specified that the state terms of sentence would run concurrently with the federal sentence he was then serving. The parties ultimately determined there could never have been a binding agreement with respect to whether any sentence imposed would be served concurrently with the federal sentence. **See** Motion to Withdraw Plea of Guilty, ¶ 9; N.T. Sentencing, 2/18/22, 2-3; Trial Court Record, 104.

- 2 -

for involuntary manslaughter running concurrently with the "remaining charges." **See** Guilty Plea and Colloquy, 2 & 4; Trial Court Record, 93 & 95. Attorney Hobson appeared at the guilty plea proceeding on behalf of Appellant. Although Appellant tried to raise some questions about the terms of the plea agreement, before entering his plea he stated he understood that the sentencing court would have discretion to impose concurrent or consecutive sentence terms. N.T. Plea, 12/7/21, 6-8, 19.

A few days before the sentencing hearing, Appellant privately retained Robert Saurman to represent him. On February 16, 2021, Attorney Saurman filed a motion to withdraw the guilty plea, alleging, *inter alia*, Appellant "was told by [plea] counsel throughout the process that the sentence he received from this case would be run concurrently with that he is currently serving in a separate Federal matter" and "was reassured when he signed his guilty plea form that this was still the arrangement." **See** Motion to Withdraw Guilty Plea, ¶¶ 6-7; Trial Court Record, 104.

At the sentencing hearing, Attorney Saurman informed the court that he had filed the motion to protect Appellant's rights in light of the lack of certainty over the plea agreement. N.T. Sentencing, 2/18/22, 3. However, after filing the motion, Attorney Saurman spoke with ADA Marra to clarify the agreement. **Id.** With respect to whether the sentence terms imposed in this case would run concurrently with Appellant's federal sentence, the parties agreed it would be left to the discretion of the judge based on the parties'

arguments. *Id.*, 2-3. Appellant agreed to withdraw his motion and proceed directly to sentencing.[4] *Id.*, 3.

The court then conducted a colloquy with Appellant to confirm that he understood withdrawing his motion and proceeding to sentencing would make it more difficult for him to subsequently withdraw his guilty plea and that sentencing would be "within the discretion of the court." N.T. Sentencing, 2/18/22, 3-4. The court then dismissed with prejudice the motion to withdraw Appellant's guilty plea. *Id.*, 4-5.

Sentencing followed immediately. Attorney Saurman requested that Appellant's sentence run concurrently with his federal sentence, at least in part, noting that Appellant would be incarcerated until his mid-50s under any circumstances. N.T. Sentencing, 2/18/22, 6-8. The Commonwealth requested 42 to 180 months' imprisonment on the PWID conviction, noting as an aggravating factor that Appellant committed the PWID while on probation. *Id.*, 19. The Commonwealth also stated that it had agreed the involuntary manslaughter conviction should run concurrently, but that it also had no objection to the term of sentence for CUCF to run concurrently. *Id.* It argued the state sentences should be served consecutively to the federal sentence. *Id.*, 18.

The court imposed the following terms of incarceration: 42 to 180 months for PWID; 21 to 60 months for CUCF, to be served consecutively; and

_____

[4] Neither Attorney Saurman nor ADA Marra stated on the record prior to sentencing that the written plea agreement had been amended.

30 to 60 months for involuntary manslaughter, to be served concurrently. *Id.*, 25. The aggregate term of 63 to 240 months was ordered to be served consecutively to the federal sentence. *Id.*; *see also* Sentencing Order, 2/22/22; Trial Court Record, 108-109.

Appellant, through Attorney Saurman, filed a motion for reconsideration of sentence on February 28, 2022, which alleged, *inter alia*, that Appellant had withdrawn his motion to withdraw his guilty plea in part on the Commonwealth's alleged promise it would request the state sentence terms be served concurrently. *See* Motion for Reconsideration, 2/28/22, ¶ 7; Trial Court Record, 115. The court heard and denied the motion on April 21, 2022. N.T. Reconsideration Hearing, 4/21/22, 16; *see also* Order, 4/21/22; Trial Court Record, 134.

Appellant did not seek a direct appeal. Instead, through Attorney Saurman, he filed a timely PCRA petition on April 20, 2023. In that petition, he alleged, *inter alia*, ineffective assistance of Attorneys Johnson and Hobson in misleading him on the terms of the plea agreement and Commonwealth misrepresentations amounting to an unlawful inducement of the withdrawal of his motion to withdraw his guilty plea. *See* PCRA Petition, 4/20/23, 1-6; Trial Court Record 135-140.

The court scheduled a hearing for September 21, 2023, but it soon became apparent that Attorney Saurman's conduct relating to the withdrawal of the motion to withdraw appellant's guilty plea would need to be the focus of the ineffective assistance of counsel claim. N.T. PCRA, 9/21/23, 12-13. The

court and the parties agreed that substitute PCRA counsel should represent Appellant. *Id*., 14-17. The proceeding was continued for the appointment of new PCRA counsel. *Id*., 26. By written order, the court appointed Marc F. Lovecchio as PCRA counsel and permitted him to file an amended petition. Order, 9/25/23; Trial Court Record, 167-168.

On January 9, 2024, PCRA counsel filed an Amended PCRA Petition in which he alleged the ineffective assistance of counsel for "facilitating the entry of an unknowing, involuntary and unintelligent plea." Amended PCRA Petition, ¶ 27; Trial Court Record, 199. With respect to Attorney Saurman, PCRA counsel alleged, *inter alia*, that Appellant withdrew his motion to withdraw his guilty plea because he had been "previously assured by [Attorney] Saurman that all of the sentences on the state charges would run concurrent to each other but that it would be within the Judge's discretion to determine whether the state sentence would run concurrent or consecutive to the federal sentence." Amended PCRA Petition, ¶ 14; Trial Court Record, 197.

The PCRA court presided over an evidentiary hearing on July 11, 2024. Appellant and Attorney Saurman testified. Appellant testified that Attorneys Johnson and Hobson misled him about the plea agreement. N.T. PCRA, 7/11/24, 10-11. Appellant alleged that, pursuant to what Attorney Johnson told him, his state sentence would run concurrently with his federal sentence, and the sentence for involuntary manslaughter would run concurrently with the terms imposed on the other two convictions. *Id.* Appellant also testified that when he entered his guilty plea, he still had questions, was cut off from

asking the judge, and only affirmed that he understood the court's warnings and instructions because Attorney Hobson told him to do so. *Id.*, 11-14.

With respect to the motion to withdraw guilty plea, Appellant testified that Attorney Saurman filed the motion because he had not yet spoken with ADA Marra. *Id.*, 16. He further stated that after speaking with the ADA, Attorney Saurman told Appellant that the ADA agreed to honor the plea agreement, with the exception that the issue of whether the state sentence terms would be concurrent with the federal sentence would be left to the discretion of the court. *Id.*, 16-17. Appellant testified that Attorney Saurman also told him his state sentence terms would be served concurrently with each other. *Id.* Appellant testified that when he told the court during its colloquy that he understood his rights it was based on what Attorney Saurman had told him and not on what the court said. *Id.*, 18-20.

Attorney Saurman testified that Appellant decided to withdraw the motion to withdraw his guilty plea based on his report that ADA Marra would honor the agreement and all state counts would run concurrently to each other. N.T. PCRA 7/11/24, 36-37. Attorney Saurman also testified that he informed Appellant that, no matter what Attorney Johnson may have told him, there was no agreement and never had been an agreement with respect to whether the state sentence terms would run concurrently with the federal sentence. *Id.*, 37-38.

The PCRA court permitted the parties to file post-hearing briefs. Appellant asserted he "pled guilty" as a result of Attorney Saurman informing

him that "the Commonwealth agreed to run the state sentences concurrently to each other." Appellant's PCRA Memorandum of Law, 7/17/24, 6; Trial Court Record, 283. He further alleged that Attorney Saurman was ineffective "in not properly advising [Appellant], or taking appropriate action when it became clear that the Commonwealth was not recommending concurrent sentences," which rendered Appellant's plea "involuntary and unknowing." *Id.*

The PCRA court denied relief in a written opinion filed on August 20, 2024, in which it addressed all of the claims raised by Appellant in the PCRA proceeding. Of significance here, the PCRA court found that Appellant, on the record, confirmed he understood that the decision to run sentence terms consecutively or concurrently remained within the court's discretion. 8-9; Trial Court Record, 309-310. Although Appellant testified at the "PCRA hearing that he did not understand what the [c]ourt explained to him during the colloquy and that he only answered in the affirmative because his attorney told him to," the PCRA court found him incredible and found no support for that assertion in the record of the guilty plea proceeding. PCRA Court Opinion, 9; Trial Court Record, 310. With respect to the allegations of sentencing counsel's ineffective assistance, the PCRA court found even though Appellant testified that he withdrew his motion to withdraw his guilty plea based on his understanding that the Commonwealth would "recommend all three state charges run concurrently," he had been adequately instructed by Attorney Saurman, agreed in the written guilty plea colloquy, and stated he understood the sentencing court's oral colloquy, each of which informed him that the court

retained ultimate "discretion in sentencing." The PCRA court also found that to the extent Appellant claimed he "was not paying attention … when this was explained to him," it was "not the fault of anyone but himself" and was also incredible. PCRA Court Opinion, 10-11; Trial Court Record, 311-312.

Appellant, through counsel, filed a timely Notice of Appeal on September 13, 2024. The PCRA court did not order a Pa.R.A.P. 1925(b) statement. Appellant raises a single question for our review:

> Whether the PCRA Court's decision was supported by the record and free of legal error in determining that Attorney Saurman was not ineffective in withdrawing Appellant's motion to withdraw his guilty plea?

Appellant's Brief, 4.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." **Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018). "When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id**.

> With respect to claims of ineffective assistance of counsel, counsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary. To prevail, the petitioner must plead and prove, by a preponderance of the evidence, the following three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. With regard to the second prong (reasonable basis), "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable

- 9 -

basis." We will hold that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative "offered a potential for success substantially greater than the course actually pursued." Our review of counsel's performance "must be highly deferential." To establish the third element (prejudice), the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

***Brown***, 196 A.3d at 150–51 (internal citations omitted). A failure to satisfy any of the three prongs is fatal to the petitioner's claim that counsel was ineffective. ***Id.*** at 151; ***Commonwealth v. Midgley***, 289 A.3d 1111, 1119 (Pa. Super. 2023).

Appellant raises two subclaims in connection with his appeal. First, he states that he withdrew his motion to withdraw his guilty plea "based on being told by [Attorney Saurman] that the Commonwealth would run all of the state charges concurrent to each other." Appellant's Brief, 11. More specifically, he contests the PCRA court's finding that the Commonwealth complied with its agreement. ***Id.*** Second, appellant alleges that counsel "was clearly ineffective in permitting the sentencing to proceed and not proceeding with the Motion to Withdraw the Guilty Plea in that the agreement was not honored and [Appellant's] withdraw[al] was not knowing, intelligent or voluntary." ***Id.***

We turn first to Appellant's argument that the Commonwealth allegedly agreed to run all of the state charges concurrently and did not comply with its agreement. If the agreement made were as Appellant testified, and had been

accepted by the court, and then violated by the Commonwealth as alleged, Appellant might be entitled to specific performance.[5]

> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness.

*Commonwealth v. Coleman*, 320 A.3d 1217, 1222 (Pa. Super. 2024).

At the heart of this claim, Appellant is challenging the PCRA court's finding of fact that the Commonwealth complied with the agreement. Accordingly, our "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Furthermore, a "defendant is bound by the statements made during the plea colloquy, and … may not later offer reasons for withdrawing the plea that contradict statements made when he pled." *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012); *accord Kapellusch,* 323 A.3d at 848; *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018); *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003); *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999). Here, appellant asserted that he had not taken heed of the court's explanation that

---

[5] "[A] collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance. The designation of the petition does not preclude a court from deducing the proper nature of a pleading." *Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa. Super. 2020).

- 11 -

the court had discretion to impose any sentence. N.T. PCRA Hearing, 7/11/24, 18. The PCRA court found that assertion to be incredible. PCRA Court Opinion, 10.[6] We find the record supports the court's credibility ruling and therefore, appellant was bound by his confirmation that he in fact understood there was no agreement as to specific sentencing terms and the court had ultimate discretion.

Here, along with the *nolle pros* of multiple felony counts, the written terms of the guilty plea included a promise by the Commonwealth to interpose "no objection" to the term for involuntary manslaughter running concurrently with the "remaining charges." Guilty Plea and Colloquy, 2 ¶ 4; Trial Court Record, 93. Appellant his attorney and ADA Marra signed the guilty plea. **See** Guilty Plea and Colloquy, 4; Trial Court Record, 95. The plea includes a statement acknowledging:

> … there are no agreements for sentencing except as may be set forth in paragraph 4 above. I understand that any agreement for sentencing is not binding on the Court and I have not been guaranteed a specific sentence in exchange for this plea. *The Court retains the power to decide my sentence*.

Guilty Plea and Colloquy, 3 & ¶ 9; Trial Court Record 94 (emphasis supplied). In addition, the written terms contain a provision of non-waiver, by which

_____

[6] On cross-examination, Appellant changed his explanation for ignoring the sentencing court when it told him that it had ultimate discretion regarding his sentence and indicated that he "didn't really know what to say at the time and being that I was [] under pressure. Let's put it that way. I was under pressure, and I just couldn't think straight." N.T. PCRA Hearing, 7/11/24, 31.

Appellant retained his right to withdraw his plea if the court refused to accept it, even though "the court is not required to accept this plea agreement." Guilty Plea and Colloquy, 4 & ¶ 15; Trial Court Record, 95.

The parties did not amend the written agreement, either in writing or by clear statement in open court. Accordingly, we conclude that the terms of the written agreement are the only agreement that existed between the parties in this case. *See Commonwealth v. White*, 787 A.2d 1088, 1090 & 1094 (Pa. Super. 2001) (unlike here, where record supports claim that Appellant bargained for one concurrent term recommendation from the Commonwealth, an appellant would be entitled to withdraw plea post-sentence if bargained-for recommendation not made).

At sentencing, in accordance with the terms of the plea agreement, the Commonwealth interposed no objection to the court sentencing Appellant to a term of incarceration for involuntary manslaughter to run concurrently with other state charges:

> [ADA] Marra: … I'd ask that at a minimum there be a sentence on the PWID of 42 months to at least 180 months. … *I leave it to Your Honor's discretion as to the sentence to impose on the [CUCF] and the involuntary manslaughter. It wasn't a closed plea before, but I leave that to Your Honor's discretion in regard to those remaining charges, Your Honor*.
>
> The Court: There's no recommendation on those charges?
>
> [ADA] Marra: *I did agree that the involuntary manslaughter run concurrent, but that was my initial recommendation, and I don't have an objection if the [CUCF] runs concurrent with PWID as well*, but I do think this should run consecutive to the federal sentence.

N.T. Sentencing, 2/19/22, 18-19 (emphasis supplied).

After our review, we agree with the PCRA court's determination rejecting Appellant's claim that ADA Marra "somehow invalidated their agreement by not recommending the Court run all three charges concurrently." PCRA Court Opinion, 12; Trial Court Record, 313. "It was the Court that exercised its discretion to run the criminal use of communication facility consecutive to the other two charges. This was a possibility that [Appellant] had been advised of multiple times." *Id.* Relatedly, we conclude that there was no agreement about the length of the state sentences. The only relevant agreement on this point is the Commonwealth's promise that, at sentencing, its recommendation would not contain an objection to the voluntary manslaughter term running concurrently with the other state sentences. The Commonwealth complied and, of its own volition, extended that recommendation to the CUCF sentence as well. There was no agreement to run all of the state terms concurrently. The court's credibility finding contradicts Appellant's present claim that he believed there was such an agreement. Accordingly, we find no abuse of discretion in the PCRA court's denial of Appellant's first claim of ineffective assistance.

We turn now to the allegation of Attorney Saurman's ineffective assistance "in not properly advising [Appellant on withdrawing the guilty plea], or taking appropriate action, when it became clear that the Commonwealth was not recommending concurrent sentences." Appellant's Brief 14. In his brief, Appellant makes explicit that his theory of relief rests on the existence

of a Commonwealth agreement to "run the state sentences concurrently to each other." Appellant's Brief 13. As discussed above, there was no amendment to the plea agreement to that effect.[7]

We "presume[] counsel is effective; a PCRA petitioner bears the burden of proving otherwise" by a preponderance of the evidence. *Brown*, 196 A.3d at 150; *Commonwealth v. Kapellusch*, 323 A.3d 837, 847 (Pa. Super. 2024). "When the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Kappellusch*, 323 A.3d at 848. Prior to sentencing, "any demonstration by a defendant of a fair-and-just reason will suffice to support a grant [of withdrawal], unless withdrawal would work substantial prejudice to the Commonwealth." *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015); *Commonwealth v. Islas*, 156 A.3d 1185, 1187–88 (Pa. Super. 2017). "[A]

_____

[7] In addition, counsel did not misadvise appellant with respect to the withdrawal of his motion to withdraw his guilty plea, because the motion rested on the mistaken belief that the plea agreement included a promise "to run his sentence in this case concurrent with his [f]ederal one." Motion to Withdraw Guilty Plea, ¶ 9; Trial Court Record, 104. We cannot deem counsel ineffective for advising appellant to withdraw a motion based on a falsehood. *See Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim"). Indeed, Appellant appears to concede in his brief that the agreement related only to the Commonwealth's *recommendation*. *See* Appellant's Brief, 14 (asserting that appellant "understood that the agreement would be for the District Attorney's office to recommend all three state charges run concurrently and that the federal charges would not be recommended to run concurrently").

bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant [a presentence motion to withdraw a guilty plea]." **Carrasquillo**, 115 A.3d at 1285. Moreover, the PCRA court's credibility determinations are binding on this Court. **Brown**, 196 A.3d at 150. Specifically, the PCRA ruled in favor of Attorney Saurman's testimony that he informed Appellant that that court retained its discretion to impose consecutive sentences. PCRA Court Opinion, 11; Trial Court Record, 312; **see also** N.T. PCRA Hearing, 7/11/24, 38 (Attorney Saurman told Appellant that the judge "can sentence you as she wants").

Attorney Saurman testified that he first spoke to ADA Marra the same day as the sentencing hearing, and so they "needed to pretty much decide on the fly" whether to withdraw the guilty plea or proceed to sentencing. N.T. PCRA Hearing, 7/11/24. 36-37. With respect to those discussions, Attorney Saurman claimed that ADA Marra, "said he would agree to recommend to the [c]ourt that all the state counts run concurrent. **Id.**, 37. He testified that he told Appellant, consistently with what Appellant testified, that ADA Marra would honor the deal made except that the question of whether the state sentence would be served concurrently with the federal sentence would be left wholly to the court's discretion. **Id.**, 38. Although the PCRA testimony did not specify the "deal" that would be honored by ADA Marra, the PCRA court found, and we agree, the only deal established on the record is in writing and

obligates the Commonwealth to not object to a concurrent term for involuntary manslaughter.[8] That agreement was honored.

With regard to whether the Attorney Saurman was ineffective, the PCRA court determined Appellant's claim is contradicted by "Attorney Saurmans' credible testimony that during [their] two meetings[,] … he explained [to Appellant] the [sentencing court] had discretion in sentencing." PCRA Court Opinion, 11, Trial Court Record, 312. Further, the PCRA court noted that the sentencing court's discretion in sentencing had been explained during the plea hearing and was reiterated at sentencing. *Id.* In other words, despite his claims to the contrary, Appellant knew that the sentencing court could impose consecutive terms when he withdrew his motion to withdraw his guilty plea.

After our review, we conclude that Attorney Saurman did not provide ineffective assistance but accurately informed Appellant of the operative terms

---

[8] Appellant nominally suggests that Attorney Saurman should have acted when ADA Marra did not recommend concurrent sentences consistently with his alleged promise. Appellant's Brief, 13. He does not expand that argument further or suggest what action counsel should have taken. We note that Appellant, who bore the burden of proof, failed to establish that any such promise existed. Appellant did not seek to present ADA Marra's testimony, which would have illuminated the negotiations and agreement, at the very least, and did not call Attorney Saurman as his witness, but allowed the Commonwealth to present his testimony to the PCRA court. Indeed, we have found already there was no such agreement, only that the Commonwealth would not object to the court running the involuntary manslaughter term concurrently, which ADA Marra very clearly stated was his position at sentencing. N.T. Sentencing, 2/19/22, 19. We cannot deem counsel ineffective on a basis unproven by Appellant. *See Commonwealth v. Davis*, 262 A.3d 589, 596 (Pa. Super. 2021) ("Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim).

of the plea agreement and the affect of withdrawal of the motion to withdraw the guilty plea. At worst, Attorney Saurman failed to accurately predict what the sentencing court would do. **See Brown**, 48 A.3d at 1277 (Pa. Super. 2102) ("The law does not require that an appellant be pleased with the results of the decision to enter a guilty plea; rather '[a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made'") (**quoting Commonwealth v. Moser**, 921 A.2d 526, 528-29 (Pa. Super. 2007)).

Accordingly, we find the PCRA court properly determined that Appellant failed to prove that Attorney Saurman provided ineffective assistance by advising him there was a binding agreement regarding the length or nature of his sentences. The court's instructions and Attorney Saurman's advice made it clear that there was no such agreement, and Appellant's arguments to the contrary presume the parties amended the written agreement, which they did not. The only agreement between the parties was that the Commonwealth would not object to a concurrent term for involuntary manslaughter, which it kept and then extended to the term on the CUCF conviction. Contrary to Appellant's claims, we conclude that counsel's and the court's warnings may not be ignored. Appellant's contentions on appeal run contrary to the PCRA court's credibility rulings, by which this Court is bound. Accordingly, we affirm the order denying post-conviction relief. **See Commonwealth v. McClendon**, 589 A.2d 706, 710 (Pa. Super. 1991) (*en banc*) (affirming denial of appellant's motion to withdraw his guilty plea where plea bargain was

limited to what sentence prosecutor would recommend, not what sentencing court would impose, prosecutor informed trial court that Commonwealth had no objection to imposition of concurrent sentences, and sentencing judge imposed consecutive terms).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/28/2025